**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCUS MCCLENNAN,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 22-01649** |
| | : | |
| **SUPERINTENDENT RIVELLO,** *et al.*, | : | |
| **Respondents.** | : | |

# O R D E R

Pro se state inmate Marcus McClennan has seven objections to Magistrate Judge Wells' Recommendation that I deny his § 2254 Petition without issuing a certificate of appealability. (Doc. Nos. 29, 35). I will overrule the objections, adopt Judge Wells' Report and Recommendation, and deny relief.

## I.    BACKGROUND

On November 24, 2017, McClennan approached Ronald Phillips on a North Philadelphia sidewalk and began yelling at him. Commonwealth v. McClennan, No. 81 EDA 2021, 2022 WL 303412, at *4 (Sup. Ct. Pa. Feb. 2, 2022). McClennan then entered an abandoned house across the street for a brief period. (Id.) When he emerged, he was carrying a gun and opened fire. (Id.) Phillips took cover behind an SUV and returned fire before being killed by a shot to the head. (Id.) McClennan fired at least six shots. (Id.) Phillips fired twice. (Id.) After his arrest on February 8, 2018, McClennan told a detective in a videotaped interview that he did not know Phillips and was not at the crime scene. (Id.)

On February 15, 2019, McClennan pled guilty pursuant to an agreement to one count of third-degree murder and one count of carrying a firearm without a license and was sentenced to 15 to 30 years' imprisonment. (Id. at 1.) He did not file a direct appeal. (Id.)

On February 12, 2020, McClennan timely filed a pro se PCRA petition.  (Id.)  The court appointed counsel, who filed an amended petition.  After a hearing, the PCRA court denied relief. (Id.)  On appeal, McClennan argued that his plea counsel had been ineffective for:

1.  Providing deficient advice that McClennan plead guilty to third degree murder; and

2.  Failing to move to suppress McClennan's videotaped statements.

(Id.)  The Superior Court affirmed, and the Pennsylvania Supreme Court denied *allocator*. (Doc. No. 29 at 2.)

McClennan then brought the instant pro se Petition, raising these same two claims.  (Doc. No. 1.)  McClennan later filed a Memorandum of Law in which he only raised his first claim. (Doc. No. 17.)  By order of Judge Wells, the District Attorney's Office responded in opposition, arguing that the state court's rejection of McClennan's claims was reasonable.  (Docs. No. 11, 12). In his Reply, McClennan again did not mention his second claim.  (Doc. No. 28.)

Judge Wells concludes that the state court reasonably rejected McClennan's first claim, and that McClennan has abandoned his second claim.  (Doc. No. 29 at 2-3.)  She thus recommends denying McClennan's Petition without issuing a certificate of appealability.  Id. at 8-9.

McClennan objects to: (1) Judge Wells' purported failure to consider certain statements of the PCRA Court; (2) her "complete failure to review the factual and legal circumstances of the case"; (3) her use of the term "plea offer" and rejection of his argument that plea counsel was deficient, and; (4) her conclusion that the state court had ample evidence to support its decision. (Doc. No. 35.)

## I.    LEGAL STANDARDS

I must review de novo those portions of the Report to which McClennan files timely, specific objections.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in

part" Judge Wells' findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Before seeking federal habeas relief, state prisoners must exhaust their state court remedies. 28 U.S.C. § 2254(b).  "[I]f it is clear that [the habeas petitioner's] claims [would] now [be] procedurally barred under [state] law," the claims are exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (second and fifth alterations in original).

Moreover, a § 2254 petition must be filed within one year from the date the judgment became final or the expiration of time for seeking direct review.  Severs v. Att'y Gen. of New Jersey, 793 F. App'x 72, 74 (3d Cir. 2019); 28 U.S.C. § 2244(d)(1)(A).  When the petition is timely, I may grant habeas relief only if the state court's adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  To warrant habeas relief, the state court's decision must be "objectively unreasonable."  Jacobs v. Horn, 395 F.3d 92, 100, 106 (3d Cir. 2005).  I may not grant relief "merely because [I] conclude[] that the state court applied federal law erroneously or incorrectly."  Id. at 100; see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").  I must give state court determinations considerable deference.  I presume that facts found by a state court are correct unless the petitioner rebuts this presumption with clear

and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000); see also Sneed v. Beard, 328 F. Supp. 3d 412, 422 (E.D. Pa. 2018) (petitioners face a "high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim").

## II.    OBJECTIONS

Judge Wells concluded that 1) the state court reasonably rejected McClennan's ineffective assistance of plea counsel claim and 2) McClennan abandoned his claim that counsel should have filed a suppression motion.  McClennan objections only implicate to the first determination.  (Doc. No. 20).

### a.  Failure to Consider Statement of PCRA Court

McClennan first objects to Judge Wells' "failure" to consider the following statement from the PCRA Court:

> Do I wish that maybe [plea counsel] had a longer conversation or engaged in more strenuous negotiations about voluntary manslaughter?  Sure.

N.T. 11/23/20 at 142.  McClennan omits what the PCRA Court went on to tell him, however:

> And I find nothing, in spite of a vigorous effort on the part of counsel here in the PCRA, that negates or leads to a conclusion, sir, that you received anything less than effective assistance of counsel.  I think you received more than effective assistance of counsel, as the Commonwealth has pointed out.  Therefore, I am dismissing this petition.

Id. at 144.  In ruling that the state court's rejection of McClennan's ineffectiveness claim was not unreasonable, Judge Wells extensively discussed the PCRA hearings.  (Doc. 29 at 3-8.)  Although Judge Wells did not mention the specific quote McClennan refers to, McClennan offers no reason why this statement should disturb her conclusion.  I will thus overrule McClennan's first objection.

### b.  Insufficient Review Under Federal Law

McClennan next objects to Judge Wells' "complete failure to review the factual and legal circumstances of this case under the clearly established federal law that governs claims of

ineffective assistance of counsel and guilty pleas." (Doc. No. 35 at 3.) McClennan cites several Supreme Court cases applying the Strickland ineffective assistance of trial counsel standard to the guilty plea stage. (Doc. No. 35 at 4.)

Judge Wells concluded correctly, however, that this is not the standard required by AEDPA. As the Supreme Court has observed:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different.

Harrington v. Richter, 562 U.S. 86, 101 (2011). Judge Wells raised the appropriate question and concluded that the state court's application of the Strickland standard was not unreasonable. (See Doc. No. 29 at 3-8.) Accordingly, I will overrule McClennan's second objection.

### c. Plea Negotiations

McClennan next objects to Judge Wells' description of his counsel's plea negotiations with the Commonwealth. (Doc. No. 35 at 4-8.) He urges that Judge Wells was incorrect in referring to the fifteen-to-thirty-year sentence as a "plea offer" because it was his counsel, not the Commonwealth, who first proposed those terms. (Id.) He cites no authority suggesting that this purported distinction makes any difference, however. McClennan also alleges that Judge Wells "misapprehended" his ineffectiveness claim, which he characterizes as being that plea counsel should have first sought a plea to voluntary manslaughter instead of third-degree murder. (Id.) Judge Wells extensively discussed why the evidence presented to the state court supported the reasonableness of its finding that McClennan's plea counsel was not deficient. (Doc. No. 29 at 3-8.) McClennan also offers no evidence that the Commonwealth would have been amendable to a

voluntary manslaughter plea.  To the contrary, his plea counsel—whose testimony the PCRA court credited—testified:

> The Commonwealth told me that their last – that their final offer was the 15 to 30, they would not go lower.  And after further discussions with Mr. McClennan, he decided to accept it.

N.T. 10/27/2020 at 8.

In any event, to prevail on an ineffectiveness claim, McClennan must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Lee v. United States, 582 U.S. 357, 364 (2017) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  McClennan instead argues only that his counsel should have obtained a better deal.  This is not enough to merit relief.  See White v. Spearman, No. 14-256, 2014 WL 3510175 (N.D. Cal. July 14, 2014) ("Petitioner's claim that counsel failed to advocate for the best possible plea deal is wholly conclusory and, as such, insufficient to obtain habeas relief.  Furthermore, Petitioner offers no evidence—other than pure speculation—to suggest that the prosecutor would have been amenable to offering Petitioner a more favorable plea deal." (citations omitted)).  Accordingly, I will overrule McClennan's third objection.

### d.  Judge Wells' Consideration of the Evidence

Finally, McClennan challenges Judge Wells' conclusion that the evidence before the state court "amply demonstrates that its finding that [plea] counsel was effective was not unreasonable."  He also objects to her reasoning that the trial evidence did not make out self-defense, and could have led to a first-degree murder conviction.  That evidence included, inter alia, that McClennan had threatened the victim the night before the shooting, fired the first shots, and remained a fugitive for months, ultimately jumping out a window to avoid arrest.  Given this evidence, the state court concluded:

> Counsel had a reasonable basis for believing justification was not supported by the facts and evidence, and for recommending McClennan not take the risk of conviction and a possible life sentence.

McClennan, 2022 WL 303412, at *4.  McClennan offers nothing to suggest that this conclusion was unreasonable.  See Harrington v. Richter, 562 U.S. 86, 103 (2011) (To obtain federal habeas relief, petitioner must show that a state court's ruling was "so lacking in justification" that it is "beyond any possibility for fairminded disagreement").  Moreover, McClennan again fails to allege that, but for his counsel advising him to plead guilty to third degree murder, he would have proceeded to trial.  Accordingly, I will overrule his fourth objection.

## III.    CONCLUSION

In sum, I will deny McClennan's Petition.  Because he has not made a substantial showing of the denial of a constitutional right, I will not issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

***

**AND NOW**, this 25th day of April, 2025, upon consideration of the pleadings and record herein, and careful review of Magistrate Judge Wells' Report and Recommendation (Doc. No. 29), Petitioner's Objections (Doc. No. 35), and all related filings, it is hereby **ORDERED** that:

1. The § 2254 Petition is **DENIED** with prejudice;

2. A certificate of appealability will not issue;

3. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

4. Magistrate Judge Wells' Report and Recommendation is **APPROVED AND ADOPTED**; and

5. The Clerk of Court **SHALL** close this case.

                                                      **AND IT IS SO ORDERED.**

                                                      */s/ Paul S. Diamond*
                                                      Paul S. Diamond, J.